George FABE, Superintendent of Insurance, State of Ohio, Liquidator for the American Druggists' Insurance Company, Plaintiff-Appellant,

v.

WVP CORPORATION, et al., Defendants-Respondents.

No. 54568.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 20, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 19, 1988.

Application to Transfer Denied Dec. 13, 1988.

James W. Riner, Keith Wenzel, Jefferson City, for plaintiff-appellant.

Lawrence Bovard Grebel, Brown, James & Rabbitt, St. Louis, for defendants-respondents.

CRANDALL, Presiding Judge.

Plaintiff, George Fabe, appeals from the trial court's grant of summary judgment entered in favor defendants, WVP Corporation and Thomas W. Stevener (architect). We affirm.

In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom the motion for summary judgment was filed and against whom judgment was rendered, and must accord to that party the benefit of every doubt. *Hill v. Air Shields, Inc.,* 721 S.W.2d 112, 115 (Mo.App. 1986). If a genuine issue of fact exists, summary judgment cannot be granted. Rule 74.04(c). A genuine issue of fact exists when there is the slightest doubt about the facts. The fact in doubt, however, must be a material one which has legal probative force as to a controlling issue. *Hill,* 721 S.W.2d at 115.

The record reveals that the City of Hazelwood (City) contracted with WVP Corporation to act as architect on a construction project. The contract consisted of the standard agreement between architect and owner. Pursuant to Article 1.5.7 of that agreement, architect was to evaluate the contractor's application for payment and to issue a certificate for payment. Article 1.5.8 provided in pertinent part:

The issuance of a Certificate for Payment shall constitute a representation by the Architect to the Owner, based on the Architect's observations at the site ... and on the data comprising the Contractor's Application for Payment, that the Work has progressed to the point indicated; that, to the best of the Architect's knowledge, information and belief, the quality of the Work is in accordance with the Contract Documents ...; and that the Contractor is entitled to payment in the amount certified. However, *the issuance of a Certificate for Payment shall not be a representation that the Architect has made any examination to ascertain how and for what purpose the Contractor has used the moneys paid on account of the Contract Sum.*

(emphasis added).

During the construction project, contractor submitted payment requests to architect. After reviewing the applications and the work performed at the site, architect certified payments to the contractor. It was later discovered that contractor had not paid the subcontractors, laborers, and materialmen. American Druggists' Insurance Company paid these costs pursuant to a labor and material payment bond purchased by City.

Plaintiff subsequently brought the present action in his official capacity as superintendent of insurance of the State of Ohio, acting as liquidator of American Druggists' Insurance Company. Plaintiff sought damages for architect's failure to discover that contractor had submitted fraudulent lien waivers and certificates for payment. Architect moved for summary judgment, which the trial court granted in architect's favor.

In his sole point on appeal, plaintiff asserts that the trial court erred in granting summary judgment in favor of architect. Plaintiff contends that there existed issues of material fact as to whether architect had a duty to examine the lien waivers to ascertain if they were fraudulently executed.

The agreement between City and architect delineated the duties of the architect with respect to the construction project. When contractor presented a payment request, the duties of the architect consisted of determining that the work not only had progressed to the point indicated by the contractor but also had been performed in conformity with contract specifications. Once the architect authorized payment to the contractor, the contract expressly relieved the architect of any responsibility to ascertain how the contractor used the moneys.

We reject plaintiff's argument that architect's act of examining the lien waivers gave rise to the concomitant duty to determine the authenticity of those documents. Article 13 of the agreement stated that the contract represented the entire agreement between the owner and architect and required that any amendment to that contract be executed in writing. Here, there were no written amendments to the contract. The agreement between the parties therefore stands as written. As discussed above, the agreement imposed upon the architect no obligation to verify the accuracy of the lien waivers presented by the contractor. Plaintiff's point on appeal is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.